IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| W. NEIL ARMENTROUT and FRANCES ARMENTROUT, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:10-cv-00149 ) |
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| **Garnishee/Defendant.** | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Garnishee/Defendant ATLANTIC CASUALTY INSURANCE COMPANY (hereinafter "Atlantic Casualty") hereby gives Notice of Removal of this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, Atlantic Casualty states as follows:

1. On or about February 3, 2009, Neil and Frances Armentrout commenced an action against Troy Clemens and Clemens Custom Pools in the Circuit Court of Mobile County, Alabama, styled *W. Neil Armentrout and Frances Armentrout v. Troy Clemens, et al*, Civil Action No. CV-2009-900206. A copy of the Complaint in CV-2009-900206 is attached as Exhibit "1" to the Notice of Filing filed contemporaneously herewith.[1] Said action is sometimes referred to by said case number or as the "underlying action."

---

[1] All Exhibit numbers herein refer to materials attached to the Notice of Filing which is filed contemporaneously herewith.

41744 v1

2. On or about January 8, 2010, the Circuit Court of Mobile County, Alabama, entered a Final Judgment in the underlying action in favor of Plaintiffs Neil and Frances Armentrout and against Defendants Troy Clemens and Clemens Custom Pools in the total sum of $250,000.00. A copy of the Final Judgment is attached to the Notice of Filing as Exhibit "2."

3. On or about February 22, 2010, Plaintiffs Neil and Frances Armentrout issued a Process of Garnishment against Garnishee Atlantic Casualty in the Circuit Court of Mobile County, Alabama. A copy of said Process of Garnishment is attached to the Notice of Filing as Exhibit "3."

4. The Process of Garnishment was purportedly served upon Atlantic Casualty's agent for service of process on or about March 1, 2010. The garnishment proceeding against Atlantic Casualty is governed by ALA.CODE § 6-6-370 *et seq.*, and is a separate and independent action from the underlying action initially filed by the Armentrouts against Clemens and Clemens Custom Pools.

5. True and correct copies of all process, pleadings and orders served or purported to be served in CV-2009-900206 and contained in the file of the Circuit Court of Mobile County, Alabama in said action are attached to the Notice of Filing as Exhibit "4."

6. 28 U.S.C. § 1441 provides in pertinent part:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of

> the parties in the interest properly joined and served as defendants is a citizen of the state in which such action was brought.
>
> (c)     Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters in which State law predominates.

7.     Garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable. *Webb v. Zurich Ins. Co.*, 200 F. 3d 759 (11th Cir. 2000), citing *Butler v. Polk*, 592 F. 2d 1293 (5th Cir. 1979).[2] Actions like the garnishment proceeding against Atlantic Casualty herein are in effect suits involving a new party, litigating the existence of a new liability. *Polk, supra* at 1296. Garnishment proceedings are properly removed and a motion to remand is properly denied where, as here, the insurer, Atlantic Casualty, has removed the case to federal court alleging that the garnishment proceedings are a separate and independent cause of action with diversity of parties. *Webb v. Zurich,* 200 F. 3d at 760.

8.     Pursuant to 28 U.S.C. § 1446(b), the Garnishee/Defendant Atlantic Casualty has thirty (30) days from the receipt by Plaintiff, through service or otherwise, of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based to remove a case. 28 U.S.C. § 1446(b).

9.     This Notice of Removal has been filed within thirty (30) days after Garnishee/Defendant, Atlantic Casualty, received Plaintiffs' Process of Garnishment; therefore, this removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

[2] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10. Garnishee/Defendant Atlantic Casualty is the only party named in the Process of Garnishment.

11. The time for Troy Clemens and Clemens Custom Pools, Defendants in the underlying action, to file a post-judgment motion or appeal from the Final Judgment (Exhibit "2") has expired under the Alabama Rules of Civil Procedure, and Clemens and Clemens Custom Pools are, at best, only nominal parties as no case or controversy exists with respect to them. Accordingly, Clemens and Clemens Custom Pools are not required to join in this Notice of Removal.

12. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Mobile County, Alabama. A copy of the Notice of Filing of Notice of Removal is attached to the Notice of Filing as Exhibit "5."

13. This action is hereby removed by Garnishee/Defendant Atlantic Casualty from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division as the District Court of the United States for the district and division embracing the place where such action was pending. *See*, 28 U.S.C. § 81(c)(2) and 28 U.S.C. § 1446(a). Thus, venue is proper in the United States District Court for the Southern District of Alabama, Southern Division.

## Federal Diversity Jurisdiction

14. Plaintiffs Neil Armentrout and Frances Armentrout are over the age of eighteen (18) years and are resident citizens of Baldwin County, Alabama.

15. Garnishee/Defendant Atlantic Casualty is an insurance company organized under the laws of the State of North Carolina, having its principal place of business in the State of North Carolina.

16. The time for Troy Clemens and Clemens Custom Pools, Defendants in the underlying action, to file a post-judgment motion or appeal from the Final Judgment has expired under the Alabama Rules of Civil Procedure, and Clemens and Clemens Custom Pools are, at best, only nominal parties as no case or controversy presently exists with respect to them. Accordingly, consent or joinder by Clemens and Clemens Custom Pools is not required to effect this removal and their citizenship is to be disregarded.

17. Therefore, there is complete diversity between Plaintiffs and Garnishee/Defendant Atlantic Casualty Insurance Company pursuant to 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

18. The amount in controversy in this case exceeds the sum of $75,000.00 exclusive of interest and costs, and this case meets the amount in controversy requirements for the diversity jurisdiction purposes under 28 U.S.C. § 1332(a) because the value of the relief Plaintiffs seek exceeds $75,000.00 exclusive of interest and costs.  Plaintiffs seek to collect from Garnishee/Defendant Atlantic Casualty a judgment of $250,000.00.

19. In an action for declaratory relief, the amount in controversy is to be determined by the "value of the object of the litigation" to the plaintiff.  See *Hunt v. Washington State Apple Ad Commission*, 432 U.S. 333, 345 (1977); see also *Ericsson GE Mobile Communications, Inc. v. Motorola Communications and Electronics, Inc.*, 120 F. 3d 216, 218 (11th Cir. 1997).  Both the former Fifth Circuit and the Eleventh Circuit have considered the policy limits of an insurance policy in determining the value of the object of the litigation of a declaratory judgment action.  See *Stonewall Ins. Co. v. Lopez*, 542 F. 2d 198 (5th Cir. 1976); see also *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F. 3d 805, 808 (11th Cir. 2003).  Attached to the Notice of Filing as Exhibit "6" s a true and correct copy of the declaration pages of the Commercial General Liability policy issued by Atlantic Casualty to Clemens Custom Pools, said policy being

a subject of Plaintiffs' Process of Garnishment. This declaration page demonstrates that the limits of liability are $1,000,000.00. This amount, standing alone, is sufficient to establish the jurisdictional minimum herein.

20. Furthermore, the proceedings in the underlying action, including the entry of judgment in favor of Plaintiffs and against Troy Clemens and Clemens Custom Pools in the amount of $250,000.00, shows that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The Atlantic Casualty insurance policy has limits of $1,000,000.00 which by itself satisfies the amount in controversy. See *McKinnon Motors*, 329 F. 3d at 808.

21. Thus, under the pleadings and facts before the Court, it is clear that the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

22. A copy of this Notice of Removal is being served upon all counsel of record.

23. By filing this Notice of Removal, Atlantic Casualty does not waive any defense that may be available to Atlantic Casualty.

24. There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity on citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

25. Garnishee/Defendant Atlantic Casualty is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Garnishee/Defendant Atlantic Casualty Insurance Company files this Notice of Removal so as to effect the removal of this action from the Circuit Court of Mobile County, Alabama, to this Court. Garnishee/Defendant prays that this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this

cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Garnishee/Defendant Atlantic Casualty Insurance Company further prays that the removal of this cause to this Court should be effected and that no further or other proceeding shall be had with respect to this cause in the Circuit Court of Mobile County, Alabama.

    Done this 31st day of March, 2010.

                              Respectfully submitted,

                               */s/ Forrest S. Latta*
                              FORREST S. LATTA                (LATTF0526)
                              forrest.latta@burr.com
                              MICHAEL D. STRASAVICH     (STRAM9557)
                              mike.strasavich@burr.com

                              Attorneys for Garnishee/Defendant
                              ATLANTIC CASUALTY INSURANCE COMPANY

**OF COUNSEL:**
BURR & FORMAN LLP
P.O. Box 2287
Mobile, Alabama  36652-2287
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

41744 v1                              7

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on March 31, 2010:

Edward A. Dean, Esquire
ead@ajlaw.com
Andrew W. Martin, Jr., Esquire
awm@ajlaw.com
Armbrecht Jackson LLP
Post Office Box 290
Mobile, AL  36601

                                       */s/ Forrest S. Latta*
                                       OF COUNSEL